# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WALTER J. BOUGHMAN, SR.,   )
Individually and as Personal   )
Representative of THE ESTATE OF   )
MARY A. BOUGHMAN,   )
  )
    Plaintiffs,   )
  )
    v.   )     C.A. No. N20C-02-184 JRJ
  )
BROADMEADOW INVESTMENT,   )
LLC d/b/a CADIA REHABILITATION   )
BROADMEADOW, et al.   )
  )
    Defendants.   )

## ORDER

Submitted:     May 20, 2020
Decided:     June 29, 2020
Corrected:     June 30, 2020

***Upon Defendants' Motion to Determine Whether the Affidavit of Merit Complies with 18 Del. C. § 6853(a)(1) and (c)[1]***

1.     This Motion arises from a medical malpractice suit filed by Plaintiffs Walter J. Boughman, Sr., individually and on behalf of the Estate of Mary A. Boughman (collectively, "Plaintiffs") against Defendants Broadmeadow Investment, LLC d/b/a Cadia Rehabilitation Broadmeadow, Long Term Care Corp., Ron Schafer, LLC, Schafer Family, LLC, Ronald E. Schafer, Eric Schafer, Lauren Schafer, Jonathan Silver, Stephen Silver, Silver Holdings, LLC, Steve Silver, LLC,

---

[1] This version of the Court's June 29, 2020 Order corrects the title of the Order.

Ronald E. Schafer, Irrevocable Trust for the benefit of Eric Robert Schafer, Ronald E. Schafer Irrevocable Trust for the benefit of Lauren Elizabeth Marie Schafer, Stephen Silver Irrevocable Trust for the benefit of Casey Silver, and Stephen Silver Irrevocable Trust for the benefit of Jonathan Silver, (collectively, "Moving Defendants"). Moving Defendants request an *in camera* review of the Affidavit of Merit and *curriculum vitae* submitted by Plaintiffs in connection with the Complaint to determine if the Affidavit of Merit and associated *curriculum vitae* comply with 18 *Del. C.* § 6853 (a)(1) and (c).

2. Section 6853(a)(1) of Title 18 of the Delaware Code provides that all healthcare negligence complaints must be accompanied by "[a]n affidavit of merit as to each defendant signed by an expert witness . . . and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."

3. Plaintiffs filed one Affidavit of Merit in this matter. That Affidavit addresses the alleged negligence of Defendants Broadmeadow Investment, LLC d/b/a Cadia Rehabilitation Broadmeadow ("Broadmeadow") and Long Term Care Corp. Plaintiffs allege that Long Term Care Corp. "was a director, officer, managing employee, held operational/managerial control, and/or held a 5% ownership interest in Defendant Broadmeadow, such that it was responsible for making *non-medical*

2

*decisions* bearing on quality of care at Defendant Broadmeadow."[2] Because Plaintiffs do not allege Long Term Care Corp. committed medical negligence that resulted in the injury and death of Mary A. Boughman, an Affidavit of Merit is not required as to Long Term Care Corp.

4. The Court has reviewed the Affidavit of Merit and *curriculum vitae* with respect to Plaintiffs' claims against Defendant Broadmeadow and finds that it complies with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

*Jan R. Jurden*
_____
Jan. R. Jurden, President Judge

Original to Prothonotary
cc: Sean P. Gambogi, Esq.
    Maria R. Granaudo Gesty, Esq.

---

[2] Compl. ¶ 3 (Trans. ID 64742319) (emphasis added).